UNITED STATES COURT OF APPEALS

**Filed 1/9/97**

FOR THE TENTH CIRCUIT

WOODROW BURNS, JR.

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellant.

No. 96-7048
(D.C. No. CIV-95-272-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[***] District Judge.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant appeals from a district court order affirming the Secretary's decision to deny his application for social security disability benefits. Utilizing the applicable five-step sequential analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), the administrative law judge (ALJ) determined, at step five, that claimant has the residual functional capacity to perform the full range of sedentary work and that, pursuant to the Secretary's Medical/Vocational Rules (the grids), he was not disabled.

"This court reviews the Secretary's decision to determine only whether [her] findings are supported by substantial evidence and whether the Secretary applied correct legal standards . . . ." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.

Claimant alleges disability because of the fusion of his right ankle and a ruptured disc in his lower back. He assigns as error the ALJ's (1) failure to

conduct a proper pain analysis; (2) improper reliance on the grids; and (3) improper hypothetical questioning of the vocational expert.

Claimant injured his right foot and ankle in 1988 and, after several surgeries, eventually underwent a fusion of his ankle. Claimant testified that the resultant limp causes pain in his back, Appellant's App. Vol. II at 361. In addition, claimant was hospitalized in 1992 for back pain which was diagnosed as intervertebral disc disease, id. at 206. Claimant testified that he can sit only twenty minutes at a time, id. at 364, and needs to shift position because of back pain, id. at 363.

Claimant argues that the ALJ failed to comply with the analytical process described by this court in Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995), for cases involving credibility determinations of subjective complaints of disabling pain. We disagree. In Kepler, we discussed factors helpful to an ALJ in deciding whether to believe claims of severe pain. Id. at 391. We ordered a limited remand for the purpose of requiring the ALJ to "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." Id.. Such action is unnecessary in this case because the ALJ has adequately explained the link between the evidence and his conclusion. See id.

With respect to claimant's ankle fusion, the ALJ noted that, despite the numerous surgeries, a 1992 post-fusion arthroscopy resulted in "significant relief of symptomology." Appellant's App. Vol. II at 15. This conclusion finds support in the record. See id. at 204. Additionally, claimant's treating physician was of the opinion that, while claimant could not return to his previous heavy occupation, he was a candidate for vocational rehabilitation and could perform sedentary work, "not requiring prolonged walking or weight bearing." Id.; see also id. at 224 (opinion of Dr. Metcalf, apparently consulted for purposes of claimant's workers' compensation claim, that claimant was a candidate for vocational rehabilitation); id. at 228 (consultative physician's opinion that claimant can do sedentary work).

The ALJ continued to explain his pain credibility conclusion with reference to the fact that claimant takes only nonprescription pain medication, can walk as much as one hundred yards at a time, and was found by a consultative physician to be free of any significant residual joint swelling and joint deformity. All of these observations find support in the record.

With respect to claimant's allegation of disabling back pain, the ALJ noted that claimant is able to perform some housework, goes fishing occasionally, can drive for as long as one hour at a time, and does not do anything for his back pain except to take over-the-counter medication. Id. at 15-16. While we acknowledge

that there is some evidence in the record favoring claimant's interpretation of this case, we reiterate that our task on appeal is not to reweigh the evidence, see Hargis, 945 F.2d at 1486, but to review the record to ensure that substantial evidence supports the decision of the ALJ. We conclude that the credibility determination of the ALJ in this case was sufficiently thorough to comply with the Kepler requirements and that substantial evidence supports the ALJ's credibility determination on the issue of the severity of claimant's pain.

Further, it was not error for the ALJ to discount the opinion of disability rendered by Dr. Parano. That opinion was unsupported by objective medical evidence and was based exclusively on claimant's subjective complaints of pain. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993)(noting that subjective allegations of pain are insufficient by themselves to establish disability). Nor was the ALJ required to believe claimant's statements regarding his need to shift position frequently. As noted above, at least three doctors found claimant able to do sedentary work without restriction. The only limit of record is Dr. Miller's caution that claimant should not engage in work activity requiring "prolonged walking or weight bearing." Appellant's App. Vol. II at 204. Because neither of those activities are implicated in sedentary work, see 20 C.F.R. § 404.1567(a), these limitations do not demand a conclusion that claimant is disabled. We hold, therefore, that substantial evidence supports the ALJ's

conclusion that claimant did not have pain severe enough to interfere with his ability to engage in a full range of sedentary activity.

Claimant next argues that the ALJ erred in relying on the grids to find him not disabled, arguing that his nonexertional pain impairment prevented such reliance. "The mere presence of a nonexertional impairment[, however,] does not preclude reliance on the grids." Thompson, 987 F.2d at 1488. Where, as here, there is substantial evidence that a claimant's pain does not interfere with an ability to work, and that a claimant can do the full range of activities required by sedentary work, reliance on the grids is appropriate. Because we conclude that the ALJ properly relied on the grids to determine this case, we do not address claimant's argument regarding the hypothetical question posed to the vocational expert.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

-6-